UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIE L. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:24-cv-00377-JMS-MG |
| ) | |
| ANDRE MATEVOUSIAN, MR. MERENDINO, MR. D. ) | |
| REDFORD, MR. C. ZEHNER, MR. DAVID BURNS, ) | |
| MR. A. CHAMBERS, and MS. L. BATCHELOR, ) | |
| ) | |
| Defendants. ) | |

**Order Discussing Various Motions, Screening Amended Complaint,
and Directing Further Proceedings**

Plaintiff Willie Smith[1] is a prisoner who was previously incarcerated at USP Terre Haute.[2] She filed this lawsuit alleging that Defendants Andre Matevousian, Warden Merendin, Case Manager D. Redford, Correctional Counselor C. Zehner, Correctional Officer David Burns, Correctional Officer A. Chambers, and Correctional Officer L. Batchelor have not taken proper steps to report and investigate her complaint that she was sexually abused. [Filing No. 24.] This Order discusses various motions filed by Ms. Smith, [Filing No. 6; Filing No. 14; Filing No. 16; Filing No. 25; Filing No. 26], and screens her most recently filed Amended Complaint, [Filing No. 24],[3] and directs further proceedings.

---

[1] Plaintiff uses female pronouns, so the Court does the same. *See Dyjak v. Wilkerson*, 2022 WL 1285221, at *1 (7th Cir. Apr. 29, 2022) (explaining federal courts' "normal practice of using pronouns adopted by the person before [them]").

[2] Ms. Smith is currently incarcerated at USP Coleman II.

[3] Because Ms. Smith is incarcerated, this Court must screen her most recently filed Amended Complaint before service on the Defendants. 28 U.S.C. § 1915A(a), (c).

1

# I.
### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, [FILING NO. 25], AND MOTION FOR COURT ASSISTANCE REGARDING TRUST ACCOUNT, [FILING NO. 26]

After a series of filings and Orders regarding Ms. Smith's failure to pay the filing fee or file a properly supported Motion for Leave to Proceed *In Forma Pauperis*, Ms. Smith filed a Motion for Leave to Proceed *In Forma Pauperis* on June 5, 2025 which attaches her Trust Account Statement reflecting her transactions for the six-month period immediately preceding the filing of her motion. [Filing No. 25.] Ms. Smith's Motion for Leave to Proceed *In Forma Pauperis*, [Filing No. 25], is **GRANTED**. The assessment of even an initial partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, Ms. Smith owes the filing fee. *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) ("All [28 U.S.C.] § 1915 has ever done is excuse prepayment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible.").

Ms. Smith filed a Motion for Court Assistance Regarding Trust Account shortly after filing her Motion for Leave to Proceed *In Forma Pauperis*, in which she requests assistance in obtaining her Trust Account Statement from USP Terre Haute for purposes of resolving the filing fee issue. [Filing No. 26.] Because the Court has granted her Motion for Leave to Proceed *In Forma Pauperis*, her Motion for Court Assistance Regarding Trust Account, [Filing No. 26], is **DENIED AS MOOT**.

# II.
### MOTION TO COMPEL, [FILING NO. 14]

On November 21, 2024, while still incarcerated at USP Terre Haute, Ms. Smith filed a Motion to Compel in which she requests that the Court order Defendants to transfer her to another facility so that she will not continue to face poor treatment from staff and assaults based on her transgender status. [Filing No. 14.] On February 13, 2025, Ms. Smith filed a Notice of Change

of Address in which she notified the Court that she had been transferred to USP Coleman. [Filing No. 21.] Because Ms. Smith has been transferred from USP Terre Haute, and since that is the relief she seeks in her Motion to Compel, the Motion to Compel, [Filing No. 14], is **DENIED AS MOOT**.

### III.
### SCREENING OF AMENDED COMPLAINT, [FILING NO. 24]

    **A.**    **Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

    **B.**    **The Complaint**

Ms. Smith's most recent Amended Complaint, [Filing No. 24], supersedes her earlier-filed

3

Complaint, [Filing No. 1],[4] and Amended Complaint, [Filing No. 17], so the Court screens her most recent Amended Complaint. *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Ms. Smith's factual allegations are accepted as true at the pleading stage, *see Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023), and the Court sets forth those allegations below.

On April 6, 2024 between 2:00 p.m. and 4:00 p.m., Correctional Officer Starns was conducting rounds on lower A range when he walked past Ms. Smith's cell and picked up a piece of paper that Ms. Smith had put under the cell door. [Filing No. 24 at 3.] Correctional Officer Starns read the piece of paper, shook his head, and walked away. [Filing No. 24 at 3.] Ms. Smith had been trying to report her PREA claim[5] in a timely manner but because Correctional Officer Starns did not "mak[e] the proper report," she could not report it until 26 days later. [Filing No. 24 at 3.] Correctional Officer Starns violated 18 U.S.C. § 4 by failing to report the incident to an appropriate supervisor. [Filing No. 24 at 3-4.]

On June 26, 2024, Ms. Smith submitted a Form BP-11 in an effort to fully exhaust her administrative remedies regarding "a Sensitive -9 PREA Complaint" that she filed related to sexual abuse inflicted by another inmate while she was housed in the Special Housing Unit at USP Terre Haute. [Filing No. 24 at 2.] But the Form BP-11 was rejected and Ms. Smith could not re-submit

---

[4] Ms. Smith's first filing in this case is titled Motion for Appointment of Counsel, but the Court treats it as her initial Complaint because it was not accompanied by a Complaint and because it contains factual allegations against Defendants. [*See* Filing No. 1.]

[5] PREA is understood to stand for the Prison Rape Elimination Act, 34 U.S.C. § 30301, *et seq*.

4

it because Counselor Zehner repeatedly denied her requests for the proper forms and "made them unavailable" to her. [Filing No. 24 at 4.]

Ms. Smith describes the relief she seeks as follows:

> At this particular point yes I believe that I should receive compensation in the amount of $10,000,000.00 for the sexual and physical abuse, and also all of the psychological trauma that it has caused me. So yes I am demanding the actual compensatory, and punitive damages as well as attorney fees plus all legal cost. I furthermore ask that the courts issue an order that all [policies] and program statement that's involved with the Code of Ethics and Standards of Employee's Conduct be enforced in all sanctions and disciplinary actions and a written apology by each defendant for all the pain and suffering.

[Filing No. 24 at 7.]

### C. Discussion

#### 1. Constitutional Claims

The Amended Complaint is understood to allege *Bivens* claims against the individual Defendants. *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) "allows suits against federal employees for violation of constitutional rights." *Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015); *see also King v. Federal Bureau of Prison*, 415 F.3d 634, 636 (7th Cir. 2005) (*Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers…"). To the extent that Ms. Smith intends to assert constitutional claims against Defendants, there is no Congressional authority to award damages against federal officials who violate the Constitution while acting under color of federal law. *Ziglar v. Abbasi*, 582 U.S. 120, 130 (2017).

The Supreme Court held in *Bivens* that district courts have the implied authority to award damages against federal officials for unreasonable searches and seizures in violation of the Fourth Amendment. That implied authority was subsequently extended twice: first to actions alleging gender discrimination in federal employment in violation of the Fifth Amendment, *Davis v.*

5

*Passman*, 442 U.S. 228, 249 (1979), and second to actions alleging deliberate indifference to a prisoner's serious medical needs in violation of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14, 24 (1980).

The United States Supreme Court "has repeatedly emphasized that recognizing a cause of action under *Bivens* is a disfavored judicial activity." *Goldey v. Fields*, 606 U.S. ---, 2025 WL 1787625, at *1 (June 30, 2025) (quotations and citations omitted); *see also Hernandez v. Mesa*, 589 U.S. 93, 102 (2020) (holding that expansion of *Bivens* is a disfavored judicial activity and the Supreme Court has "consistently rebuffed requests to add to the claims allowed under *Bivens*"); *Ziglar*, 582 U.S. at 133 ("If the statute does not itself so provide, a private cause of action will not be created through judicial mandate.").

When asked to extend *Bivens*, the Court engages in a two-step inquiry. First, it asks whether the request involves a claim that arises in a new context – "that is, whether the case is different in a meaningful way from the cases in which [the United States Supreme Court] has recognized a Bivens remedy." *Goldey*, 2025 WL 1787625, at *1 (quotation and citation omitted); *see also Hernandez,* 589 U.S. at 102; *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001). Second, if the claim presents a new *Bivens* context, the Court then asks whether there are any special factors that counsel hesitation about granting the extension. *Goldey*, 2025 WL 1787625, at *2; *Egbert v. Boule*, 596 U.S. 482, 491 (2022). In applying the second factor, a district court "faces only one question: whether there is *any* rational reason (even one) to think that *Congress* is better suited to weigh the costs and benefits of allowing a damages action to proceed." *Id.* at 496 (emphasis in original, quotations and citations omitted). Additionally, "a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure.'" *Id.* at 493 (quoting *Ziglar*, 582 U.S. at 137). And this is true even

6

if the individual plaintiff alleges she does not have access to the alternative remedy. *Id.* at 498 ("[W]hether a given remedy is adequate is a legislative determination that must be left to Congress, not the federal courts.").

Construing Ms. Smith's Amended Complaint liberally, the Court understands that she is trying to bring claims under the Eighth Amendment for failure to protect her from sexual violence and harassment due to her status as a transgender woman. The Seventh Circuit has already concluded that a failure-to-protect claim arises under a new context and that this type of claim raises separation-of-powers concerns that counsel against extending *Bivens*. *Sargent v. Barfield*, 87 F.4th 358, 368-39 (7th Cir. 2023). Ms. Smith cannot seek compensatory damages against Defendants for constitutional violations under *Bivens* and those claims are **DISMISSED**.

Although Ms. Smith also requests injunctive relief, [*see* Filing No. 24 at 7], the relief she seeks is now moot because she has been transferred from USP Terre Haute and is no longer housed there. *See Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot."); *Young v. Lane*, 922 F.2d 370, 373 (7th Cir. 1991) ("The plaintiffs…, by virtue of their transfers, are no longer incarcerated at [the prison]. Unaccompanied by any continuing, present injury or real and immediate threat of repeated injury, their past exposure to illegal conduct at [the prison] does not show a pending case or controversy regarding injunctive relief."). Any requests for injunctive relief in connection with constitutional claims against Defendants are **DISMISSED**.

    2.    *PREA Claim*

The Court understands Ms. Smith to allege that Defendants failed to report or investigate the sexual abuse, in violation of PREA. However, any claim that Defendants failed to report the

sexual abuse, perform an adequate PREA investigation, or otherwise comply with PREA is **DISMISSED** because PREA does not provide a private right of action. *See Sims v. Doe*, 2018 WL 4027632, at *2 (S.D. Ind. Aug. 22, 2018) (collecting cases).

In short, the Court has not identified any viable claims set forth by Ms. Smith in the Amended Complaint, and it is **DISMISSED**. [Filing No. 24.]

### D.     Opportunity to Amend

The dismissal of the Amended Complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow Ms. Smith to amend her Amended Complaint if, after reviewing the Court's order, she believes that she can state a viable claim for relief, consistent with the allegations she has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend [her] complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

Ms. Smith shall have through **August 5, 2025** to file another Amended Complaint. The Amended Complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury she claims to have suffered and what persons are responsible for each such injury. In organizing her Amended Complaint, Ms. Smith may benefit from utilizing the Court's complaint form. The **CLERK** is **DIRECTED** to include a copy of the prisoner civil rights complaint form along with

Ms. Smith's copy of this Order. The Amended Complaint will completely replace any previous Complaints. *See Beal,* 847 F.3d at 901. Therefore, it must set out every defendant, claim, and factual allegation Ms. Smith wishes to pursue in this action.

If Ms. Smith files an Amended Complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no Amended Complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

## IV.
## MOTIONS FOR APPOINTMENT OF COUNSEL, [FILING NO. 6; FILING NO. 16]

Ms. Smith has filed a Motion for Appointment of Counsel, [Filing No. 6], and a Motion for Appointment of Counsel and Access to Court-Related Relief, [Filing No. 16]. In both motions, she requests the appointment of counsel and in her Motion for Appointment of Counsel and Access to Court-Related Relief she also seeks relief related to her inability to access the law library and other resources at USP Terre Haute. [Filing No. 6; Filing No. 16.] Ms. Smith's request for relief related to access to resources at USP Terre Haute is **DENIED AS MOOT** because Ms. Smith has since been transferred to another facility. Additionally, her requests for the appointment of counsel are **DENIED AS PREMATURE**. As discussed above, Ms. Smith has not set forth any viable claims. The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens,* 706 F.3d 843, 845 (7th Cir. 2013). In addition, litigants requesting that counsel be recruited must first show that they made a reasonable attempt to secure private counsel. *Gil v. Reed,* 381 F.3d 649, 656 (7th Cir. 2004); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). The court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas,* 990 F.2d 319, 321 (7th Cir. 1993). Ms. Smith has not detailed any efforts to secure private counsel. Ms. Smith may renew her motion at a later stage of the litigation, if appropriate.

## V.
### CONCLUSION

For the foregoing reasons, the Court:

- **GRANTS** Ms. Smith's Motion to Proceed *In Forma Pauperis*, [25];

- **DENIES AS MOOT** Ms. Smith's Motion for Court Assistance Regarding Trust Account, [26];

- **DENIES AS MOOT** Ms. Smith's Motion to Compel, [14];

- **DISMISSES** Ms. Smith's Amended Complaint, [24], and **ORDERS** that Ms. Smith shall have through **August 5, 2025** to file another Amended Complaint as discussed above;

- **DENIES** Ms. Smith's Motion for Appointment of Counsel, [6]; and

- **DENIES** Ms. Smith's Motion for Appointment of Counsel and Access to Court-Related Relief, [16], to the extent it requests the appointment of counsel and **DENIES AS MOOT** the motion, [16], to the extent it requests relief related to her inability to access resources at USP Terre Haute.

Date: 7/1/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via U.S. Mail:**

Willie L. Smith
#29398-031
USP Coleman II
U.S. Penitentiary
P.O. Box 1034
Coleman, FL 33521